FRED H. MAGEAU v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 29, 1907.

Nos. 15,356—(147).

**Railroad.**

> Respondent failed to prove, by evidence reasonably tending to support the fact, that the death of the deceased was caused by injuries in a railroad accident; it being conceded that she died of peritonitis within five days after childbirth and five months after the accident occurred.

Action in the district court for Polk county by Fred H. Mageau, as administrator of the estate of Clara Mageau, deceased, to recover $5,000 for her death alleged to have been caused by defendant's negligence. The case was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff for $4,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*J. W. Mason* and *M. L. Countryman,* for appellant.

*H. Steenerson* and *Charles Loring,* for respondent.

LEWIS, J.

Respondent brought this action to recover damages for the death of his wife, alleged to have resulted from injuries received in an accident upon appellant's railway at the village of Barnesville at 4:20 a. m., September 12, 1906. A verdict was recovered in the court below, and appellant, upon this appeal, submits that the evidence is not sufficient to establish the fact that the injuries received by Mrs. Mageau in the railroad accident were the proximate cause of her death, which occurred February 11, 1907, from peritonitis, five days after childbirth.

Mr. Mageau testified that at the time of the accident his wife was thrown forward from her seat upon her knees; that on the evening of the same day she went with him from Barnesville to Crookston, by train; and on the following day a physician was called and she was taken to a hospital. The physician in charge testified that she

[1] Reported in 113 N. W. 1016.

was treated for retroversion of the uterus, and in three weeks was discharged from the hospital as cured; that she returned about November 1, was treated by him for bronchitis, and remained under his charge until February 5, when, with the aid of instruments, she was delivered of a fully developed, stillborn child. Five days thereafter she died of peritonitis, the primary cause of which was claimed to be the injury received in the railroad accident. The theory of the attending doctor was that Mrs. Mageau suffered a shock at the time of the accident which produced some internal tenderness in the lower part of the abdomen, which he termed "local peritonitis," which condition was disturbed by the subsequent event, and that peritonitis spread and became general, causing her death.

It was conceded by all the physicians called that peritonitis is a germ disease, and could only have been caused by infection. We have read with great care the testimony of the attending physician, and have endeavored to understand respondent's theory as to how the infection which caused the general peritonitis, resulting in the death of Mrs. Mageau, had any direct connection with or was caused by the alleged injury. One theory advanced by respondent was that the disease might have been started by the injury and remained dormant, and that the bacilli which afterwards caused the disease to spread into general peritonitis, by infection, were in the tissues during all that time. It was shown that the mechanical delivery of a child is attended with the gravest dangers, and that the greatest precautions must be taken by the use of antiseptics to avoid the introduction of germs. The theory of "latent bacilli" was not satisfactorily developed by the evidence, and no other reasonable theory was advanced to prove that the infection of the peritoneum, which developed after childbirth, had its origin in the soreness, or tenderness, which accompanied the retroversion of the uterus. In our judgment, respondent failed to make out a case; but, in view of a new trial, we do not deem it wise to critically review the evidence at this time.

Reversed. New trial granted.